United States District Court
Southern District of Texas
**ENTERED**
February 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BLANCA ESTHELA MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00207 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Defendant's No-Evidence Motion for Summary Judgement"[1]

and Plaintiff's response.[2] After considering the motion, record, and relevant authorities, the Court

**GRANTS** Defendant's motion and awards summary judgment to Defendant on all of Plaintiff's

claims in this case.

### I.   BACKGROUND AND PROCEDURAL HISTORY

This is a premises liability case. In her live complaint, Plaintiff Blanca Esthela Martinez

alleges that she shopped in Defendant's Wal-Mart store in McAllen, Texas on the evening of June

25, 2020.[3] Plaintiff alleges that water was leaking from somewhere above or from an air

conditioning system, accumulated on the floor, and that Plaintiff slipped on the puddle and

sustained injuries.[4] Plaintiff brought three causes of action in state court on April 19, 2021, for

negligent activity, premises liability, and vicarious liability of Defendant's employees.[5] Defendant

---

[1] Dkt. No. 13.
[2] Dkt. No. 14.
[3] Dkt. No. 1-2 at 8, ¶ 7.
[4] *Id.*
[5] *Id.* at 8–10, ¶¶ 8–11.

removed the case to this Court on May 21st.[6] This Court determined that it has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over the case on June 21st.[7]

Pursuant to the current scheduling order,[8] Defendant filed the instant motion for summary judgment on January 26, 2022.[9] Plaintiff timely responded,[10] and the motion is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[12]

To earn summary judgment, the movant must demonstrate that there are no disputes over genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[13] "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."[14] The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact, but

---

[6] Dkt. No. 1.
[7] Dkt. No. 9.
[8] Dkt. No. 12.
[9] Dkt. No. 13.
[10] Dkt. No. 14.
[11] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[13] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).
[14] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements").

is not required to negate elements of the nonmoving party's case."[15] In other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[16] To demonstrate the absence of a genuine dispute of material fact, the movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[17] and must "articulate precisely how this evidence supports his claim,"[18] to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[19] If the movant fails to meet its initial burden, the motions for summary judgment "must be denied, regardless of the nonmovant's response."[20] Accordingly, the Court may not enter summary judgment by default,[21] but may accept a movant's facts as undisputed if they are unopposed.[22]

If the movant meets its initial burden, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts" that demonstrate the existence of a genuine issue for trial.[23] The nonmovant's demonstration cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable

---

[15] *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

[16] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").

[17] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

[18] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[19] *Celotex Corp.*, 477 U.S. at 322 (quoting FED. R. CIV. P. 56(c)).

[20] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

[21] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[22] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition").

[23] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991) ("[T]he party responding to a summary judgment motion must support her response with specific, non-conclusory affidavits or other competent summary judgment evidence.").

inferences, unsubstantiated assertions, and legalistic argumentation"[24] and a "mere scintilla of evidence" also will not do.[25] Even if the nonmovant produces more than a scintilla of evidence in its favor, such evidence may be "so overwhelmed by contrary proof" that summary judgment is still proper in favor of the movant.[26] The Court does not need to "credit evidence that is 'blatantly contradicted by the record,' especially by video or photographic evidence."[27] Neither self-serving allegations nor conclusory affidavits can defeat a motion for summary judgment supported by probative evidence.[28] "[T]he nonmoving party must adduce evidence sufficient to support a jury verdict."[29] The Court will countenance only *reasonable* inferences in the nonmovant's favor and will not indulge "senseless" theories or leaps in logic.[30] The nonmovant is "*required* to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[31] "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists."[32] Courts "will not assume 'in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts,' and will grant summary

---

[24] *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[25] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *accord Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).

[26] *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996) (quoting *Neely v. Delta Brick and Tile Co.*, 817 F.2d 1224, 1226 (5th Cir. 1987)), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000).

[27] *Malbrough v. Stelly*, 814 F. App'x 798, 804 (5th Cir. 2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

[28] *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018); *see Cadena v. El Paso County*, 946 F.3d 717, 725 (5th Cir. 2020) ("[A]ffidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.").

[29] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[30] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).

[31] *Ragas*, 136 F.3d at 458 (emphasis added).

[32] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *see Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case."); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case.").

judgment 'in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"[33] The Court is under no duty to sift through the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[34]

"A fact is 'material' if its resolution could affect the outcome of the action,"[35] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[36] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[37] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[38] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[39] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[40]

**b.  Analysis**

Defendant argues that there is no evidence to prove one or more essential elements of Plaintiff's claims, so Defendant moves for summary judgment on each of Plaintiff's claims.[41] Glaringly, Defendant's motion for summary judgment contains no exhibits and cites no specific

---

[33] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).
[34] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[35] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).
[36] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006); *see Bache v. Am. Tel. & Tel. Co.*, 840 F.2d 283, 287 (5th Cir. 1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) ("[T]o determine if an issue of material fact is genuine, we must then decide whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'").
[37] *Anderson*, 477 U.S. at 248.
[38] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[39] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).
[40] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).
[41] Dkt. No. 13 at 1, ¶ 1.

evidence.[42] While the Texas Rules of Civil Procedure provide for a "no evidence" motion for summary judgment,[43] the Federal Rules of Civil Procedure do not. Nonetheless, Plaintiff has responded with the evidence she contends support all of her state law claims.[44]

Under the familiar *Erie* doctrine, "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state" as determined by its highest court,[45] and informed by its intermediate appellate courts.[46] The parties concur that Texas law applies to this case.[47]

Plaintiff asserts a negligent activity claim and a premises liability claim. "Negligent activity and premises defect are independent theories of recovery. Recovery on a negligent activity theory requires injury by or as a contemporaneous result of the activity itself—not a condition created by the activity. In contrast, a premises defect theory requires an injury as a result of a condition of the premises."[48] These causes of action are distinct and not to be blurred.[49] The Supreme Court of Texas has plainly set forth the legal standards to be applied:

> We explained the difference between liability for negligent activity and liability for failing to remedy an unreasonable risk of harm due to the condition of premises. Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done. Negligence in the latter context means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier of land knows about or in the exercise of ordinary care should know about.[50]

---

[42] *See* Dkt. No. 13.

[43] Tex. R. Civ. P. 166a(i).

[44] Dkt. No. 14 at 6, ¶ 14.

[45] *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *see All Plaintiffs v. All Defendants*, 645 F.3d 329, 335 (5th Cir. 2011).

[46] *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998).

[47] Dkt. No. 13 at 3, ¶ 5; Dkt. No. 14 at 6, ¶ 14.

[48] *Mayer v. Willowbrook Plaza LP*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citations omitted).

[49] *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

[50] *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (cleaned up).

In other words, "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."[51] "At some point, almost every artificial condition can be said to have been created by an activity, but the Supreme Court of Texas has repeatedly declined to eliminate all distinction between premises conditions and negligent activities."[52] Therefore, "[i]f the injury was caused by a condition created by the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability."[53] Theoretically, a single injury could have more than one proximate cause and give rise to both claims,[54] but when a claim is for "nonfeasance, and not contemporaneous negligent activity, it could not give rise to a negligent-activity claim."[55]

Defendant asserts that "Plaintiff cannot/has not produced any evidence that her alleged slip and injuries were related to any contemporaneous act of a Wal-Mart employee, as opposed to an alleged condition created at Wal-Mart."[56] In response, Plaintiff cites witness evidence that drops of water were falling from pipes in the ceiling and that the same had been an unremedied condition "for some time."[57] However, even accepting all of this evidence, the Court holds that Plaintiff has not shown any affirmative, malfeasant, contemporaneous conduct that caused Plaintiff's injury. A failure to remedy a potentially harmful condition, without more, is nonfeasance that gives rise to a premises liability claim; it does not substantiate a negligent activity claim.

---

[51] *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (footnote omitted).
[52] *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388 (Tex. 2016) (cleaned up).
[53] *Kroger Co. v. Persley*, 261 S.W.3d 316, 319 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (Hanks, J.).
[54] *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 216 n.22 (Tex. 2015).
[55] *Id.* at 216.
[56] Dkt. No. 13 at 4, ¶ 7.
[57] Dkt. No. 14 at 7–8, ¶¶ 16–17.

With respect to Plaintiff's premises liability claim, Defendant argues that Plaintiff has no evidence to support her contention that Defendant had actual or constructive notice of the water accumulation condition, and so had no duty to Plaintiff to remedy the puddle hazard.[58] Defendant acknowledges that Plaintiff was an invitee,[59] so to prove a claim for premises liability, Plaintiff must show among other things that Defendant "had actual or constructive notice of the spill."[60] "A slip-and-fall plaintiff satisfies the notice element by establishing," among other potential bases, that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."[61] What constitutes a reasonable amount of time to impose constructive knowledge, that is, for a premises owner or operator to have had sufficient time to have discovered a dangerous condition, varies with the circumstances, but there must at least be some evidence of how long the hazard existed before liability may be imposed on the owner or operator.[62] Defendant's liability depends on whether it acted reasonably in light of what it should have known or after a reasonable inspection should have discovered regarding the hazard.[63]

Defendant challenges only a single element of Plaintiff's cause of action for premises liability. Defendant asserts that Plaintiff cannot show any actual or constructive knowledge of the hazard, so her claim fails.[64] In response, Plaintiff points to certain deposition evidence: "Plaintiff saw the water droplets coming from the ceiling and dropping to the floor. Exhibit B 44:23-

---

[58] Dkt. No. 13 at 7, ¶ 12.
[59] Dkt. No. 13 at 6, ¶ 10.
[60] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *see Gillespie v. Kroger Tex., L.P.*, 415 S.W.3d 589, 592 (Tex. App.—Dallas 2013, pet. denied).
[61] *Reece*, 81 S.W.3d at 814; *see CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000) ("Constructive knowledge is a substitute in the law for actual knowledge. In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection.").
[62] *Reece*, 81 S.W.3d at 816.
[63] *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3–4 (Tex. 1996).
[64] Dkt. No. 13 at 7, ¶¶ 12–13.

45:1 . . . ."[65] Bizarrely, none of Plaintiff's cited deposition actually supports her contention. For example, the 44:23-45:1 deposition lines cited are:

> A. No.
>
> Q. Okay, as we sit here today, do you know of any other person who has ever gotten hurt at a Walmart?
>
> A. No.[66]

Plaintiff also contends that Defendant's employee "admitted he knew there was a problem with water dripping to the floor and did not do anything to fix it before Plaintiff slipped. *Id.* at 45:2-5, 46:11-20, 110:13-15."[67] However, again, none of the cited lines of the deposition support Plaintiff's characterization of the evidence. For example, the long section cited on page forty-six reads:

> . . . first of all. And I know that if I had a cart, I would have been able to hold onto it, you know. But, um -- then later on when I turned my -- you know, when I -- when I looked down, that's when I saw that there was water on the floor.
>
> Q. Okay. In regards to the water you saw on the floor --
>
> A. Uh-huh.
>
> Q. Well, strike that. When was it that you looked down and saw . . . .[68]

Another cited section reads, ". . . for you to describe for me the size of the -- of the spill or puddle of water on the ground? A. It was --"[69] These random selections of Plaintiff's own deposition testimony do nothing to support her claims and do not even slightly corroborate Plaintiff's assertion of what the evidence shows.

Plaintiff nevertheless asserts that video footage vindicates her. When assessing whether a premises owner or operator had constructive notice of a dangerous condition, "that question

---

[65] Dkt. No. 14 at 10, ¶ 22.
[66] Dkt. No. 14-3 at 13–14, 44:23–45:1.
[67] Dkt. No. 14 at 10, ¶ 22.
[68] Dkt. No. 14-3 at 15, 46:11–20.
[69] *Id.* at 25, 110:13–15.

requires analyzing the combination of proximity, conspicuity, and longevity" of whether to find constructive notice.[70] So for example, "if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it."[71] Plaintiff argues that Defendant had constructive notice because water on the floor was visible for at least one hour before Plaintiff slipped.[72] Having scrutinized the video evidence, however, the Court could not identify any accumulation of water on the floor before or after Plaintiff slipped.[73] The following still image is taken from the video in the moment before Plaintiff slips, walking toward the camera near the center of the image. No puddle is visible:



Even when Plaintiff is slipping, the source of her slippage is unclear:

---

[70] *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam).
[71] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).
[72] Dkt. No. 14 at 11, ¶ 25.
[73] *See* Dkt. No. 14-4.



Plaintiff does not point to, and the Court did not identify, any of Defendant's employees that passed near the site of Plaintiff's slip before her slip. The puddle is so inconspicuous as to be nearly invisible, even when being specifically sought out. Plaintiff's only evidence, then, is that the "line of water" remained on the floor for at least one hour before being cleaned up.[74] The Court holds that this is insufficient evidence, in the totality of the circumstances, to validate Plaintiff's assertion that Defendant had constructive notice of the puddle hazard. The Court agrees with Defendant that Plaintiff cannot prove the notice element of her premises liability claim.

Plaintiff also brings a claim for vicarious liability.[75] "The general rule is that an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority . . . ."[76] Defendant argues that the Court should grant summary judgment on this claim both because Plaintiff has no evidence of or valid claim for a tort, and because Defendant

---

[74] Dkt. No. 14 at 11–12, ¶ 25 (citing Dkt. No. 14-4).
[75] Dkt. No. 1-2 at 10, ¶ 11.
[76] *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).

has not even identified an employee upon whom Defendant's vicarious liability would be predicated. The Court agrees. As elaborated above, Plaintiff has no claim for a tort. Furthermore, Plaintiff asserts that "Sosa has been identified as the Defendant employee who took Plaintiff's report and told her that there was a reoccurring problem of a leaky roof,"[77] but Plaintiff's evidence for this assertion is the same random assortment of deposition testimony that does not even discuss a "Sosa."[78] Plaintiff cannot substantiate her claim for vicarious liability.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant Wal-Mart Stores Texas LLC's motion for summary judgment in full. Plaintiff cannot prove any of her claims as a matter of law. This case will terminate upon entry of final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 28th day of February 2022.

_____
Micaela Alvarez
United States District Judge

---

[77] Dkt. No. 14 at 12, ¶ 26.
[78] *See supra* notes 65–69 and accompanying text.